Christian, J.,
delivered the opinion of the court.
The single question we have to determine in this case is, whether the circuit court erred in sustaining the demurrer to the plaintiff’s bill. The bill charges that the plaintiff’ and his wife on the 27th November, 1872, executed a deed conveying to his son a certain tract of land therein mentioned, in consideration (as expressed in the deed) that his son “ should provide for and take good care of him and his wife so long as they may live, in a comfortable manner, both in sickness and in health;” and for the further consideration (not expressed in the deed) that his said son should build on the land conveyed a good and comfortable dwelling-house.
The bill contains further allegations, as follows: “ The said Ephraim Wampler fraudulently induced your oratorio believe, by his repeated promises and assurances, that if your orator would convey him the said 170 acres of land, that he would take care of and comfortably support your orator aud his wife during their entire life, and would build them a comfortable dwelling-house; and, with a view to make himself and wife comfortable in their declining years, they were induced to execute said deed, the said Ephraim not only promising to take care of your orator and wife comfortably, but promised and agreed to build your orator a good, comfortable dwelling-house on your orator’s land for his residence. *456 Your orator avers that the said Ephraim has utterly failed and refused to comply in any respect with his part of agreement—has utterly failed and refuses to furnish one iota of the consideration promised, and that said Pr0™8es 80 made by said Ephraim Wampler were resorted to by him fraudulently for the fraudulent purpose of obtaining said deed, and that your orator relied on said promises, and would not have executed said deed if they had not been made; and your orator charges that said deed was obtained by means of said fraud, so practiced on him hv said Ephraim Wampler; that he took possession of said 170 acres of land immediately after-said deed was executed, and is still in possession thereof and residing thereon with his family, and has not furnished to your orator and his wife or to either of them anything whatever toward their maintenance or support, but on the contrary has obtained property from your orator to a considerable amount and has not paid him therefor, nor has he built your orator the dwelling-house promised; on the contrary has contented himself with simply putting in a window of four panes of glass in your orator’s own old house in which he now lives, and which is but a miserable cabin, almost entirely unfit for human habitation. Though the said Ephraim has had five years in which to do something toward complying with his said contract, he has done literally nothing towards it, although your orator has frequently urged him to do so, but he has uniformly failed to do so, and leaves your orator, in his old age, to take care of himself and wife as best he can, without the benefit or income which your orator could derive from said land. Your orator charges that the said contract of his said son amounts to a fraudulent acquisition and inequitable holding of said land, which a court of conscience will not tolerate or permit, but will hold, as your orator avers, that said fraud so practiced by said Ephraim Wampler, upon your orator, *457 constitutes said Ephraim, an implied trustee, holding said land for your orator’s benefit, and that a court of equity for said fraud will set aside and annul said deed, said contract and remit your orator to his rights in said 1 o 53 iana*
The bill then prays that the deed be set aside and annulled, and the land be reconveyed to the plaintiff, and for general relief.
To this bill the defendant demurred; and the circuit court sustained the demurrer, and rendered the following decree: “The court is of opinion that the plaintiff has ample relief at law, and that the demurrer be sustained and the bill dismissed, and that defendant recover of complainant the costs of this- suit.”
To this decree an appeal and supersedeas was awarded by one of the judges of this court.
The court is of opinion that this decree of the circuit court is erroneous.
Upon the demurrer, of course, all the allegations of the bill must be taken as true. It is plain that the plaintiff did not have a complete and adequate remedy at law. The consideration for the deed of conveyance for the land, as alleged in the bill, Avas the comfortable support of the grantor and his wife during their lives, ‘and the erection on the land conveyed of a good and comfortable house. This Avas a continuing obligation on the part of the grantee. It Avas to continue during the lives of the grantors and each of them. At the end of the first year, or sooner, the grantors had the right of action, if the covenant for support Avas not complied with, for a breach of the covenant. In such action damages could he recovered only for the refusal of the grantee to perform his coAmnant up to the time of the commencement of the suit.
But the obligation for support and maintenance con *458 tinued for an indefinite time, during the lives of the grantors and each of them; it may be for ten or twenty Must the grantors bring their suit every six months or twelve months for damages for a failure upon Pai't grantee to supply them with food and clothing ? And in the meantime, having conveyed their all to the grantee, having deprived themselves of the means of support, must they sutler and starve until by suits at law and executions they could compel the grantee to supply them with the means of support ?
But beside the consideration of support and maintenance, another consideration alleged in the conveyance (and this upon demurrer must be taken to be true) was that the grantee should-erect upon the land a comfortable dwelling. How could this covenant, so important to the comfort of the grantees, be enforced in a suit at law?
We think it is clear that the grantors in this case did not have a complete and adequate remedy at law, and that upon the facts stated in -the record, admitted by the demurrer to be true, a court of equity had the undoubted jurisdiction, there being no complete and adequate remedy at law, if not to compel a specific performance of the contract' on the part of the grantee, certainly to rescind the contract, annul and set aside the deed, and put the parties in the same position they were in before the contract was made and the deed delivered.
But there is another ground of equity jurisdiction in this case. There ig a positive and distinct allegation of fraud in the bill. The following allegation is contained in the bill: “That said promises (i. e. for support and maintenance and the building of a comfortable dwelling), so made by said Ephraim Wampler, was resorted to by him fraudulently for the fraudulent purpose of obtaining said deed, and that your orator relied on said promises, and would not have executed said deed if *459 they had not been made. And your orator charges that said deed was obtained by means of said fraud so perpetrated on him by said Ephraim "Wampler.” Here, we have a distinct and specific charge of fraud, to-wit: that the promises which induced the grantor to part with his land were resorted to by the grantee with a fraudulent purpose and intent to obtain a deed for the land conveyed.
How, fraud is universally conceded to be a ground of equitable jurisdiction. The first province of a court of equity being to enforce truth and fairness in the dealings of men, the prevention and correction of fraud is part of the original and proper office of the court.
Courts of equity have an original, independent and inherent jurisdiction to relieve against every' species of fraud. Every • transfer or conveyance of property, by what means soever it be done, is in equity vitiated by fraud. Heeds, obligations, contracts, awards, judgments, or decrees may be the instruments to which parties may resort to cover fraud, and through which they may obtain the most unrighteous advantages, but none of such devices or instruments will be permitted by a court of equity to obstruct the requisition of justice. If a case of fraud be established a court of equity will set aside all transactions founded upon it by whatever machinery they "may have been effected, and notwithstanding any contrivance by which it may have been attempted to protect them. These principles have now become axioms of equity jurisprudence.
Applying these principles to the case before us, we are of opinion that the decree of the circuit court sustaining the demurrer to the plaintiff’s bill was plainly erroneous. The plaintiff ought to have been permitted to establish by proof the fraud alleged in his bill instead of being dismissed by that court and sent to a court of law to litigate his rights, when it is plain, from the very *460 nature of his demand and the continuing obligation of the defendant, the plaintiff could not have a complete adequate remedy.
For these reasons the court is of opinion that the decree the circuit court sustaining the demurrer and dismissing the plaintiff’s bill be reversed and the cause remanded to said circuit court with instructions to overrule the demurrer and require the defendant to file his answer to said bill, that the case may be heard and determined upon bill and answer, and such evidence as either party may lawfully produce.
The decree was as follows :
This day came again the parties by their council, and the court having maturely considered the transcript of the record of the decree, and the arguments of counsel, is of the opinion, for reasons stated in writing and filed with the record, that the decree of said circuit court sustaining the defendant’s demurrer to the plaintiff’s bill is erroneous. It is therefore decreed and ordered that the said decree be reversed and annulled, and that the appellant recover of the appellee his costs by him expended in the prosecution of his appeal and writ of supersedeas here. And this court, proceeding to render such decree as the said circuit court ought to have rendered, it is further decreed and ordered that the said demurrer he overruled; and the cause is remanded to the said circuit court for further proceedings to be had therein. All of which is ordered to be certified to that court.
Decree reversed.